UNITED STATES of America,
Plaintiff–Appellee,

v.

Gerardo MIRANDA–MENDOZA,
a.k.a. Rafael Ibanez–Naranjo,
Defendant–Appellant.

No. 15–30090.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 24, 2016.*

Filed Feb. 29, 2016.

Joseph Hilary Harrington, Assistant U.S., USSP–Office of the U.S. Attorney, Spokane, WA, Jane Kirk, Assistant U.S., USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Gerardo Miranda–Mendoza, Folkston, GA, pro se.

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Gerardo Miranda–Mendoza appeals pro se from the district court's order denying his motion for sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Miranda–Mendoza contends that the district court erred by denying him a sentence reduction under Amendments 782 and 788 to the Sentencing Guidelines. We review de novo whether a defendant is eligible for a sentence reduction. *See United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir.2009). Contrary to Miranda–Mendoza's contention, his 120–month sentence was not based on the Guidelines; rather, it was the lowest sentence that the court could impose by statute. *See* 21 U.S.C. § 841(b)(1)(B)(viii). Because Miranda–Mendoza was sentenced based on the statutory mandatory minimum, the district court correctly concluded that he was ineligible for a sentence reduction. *See* U.S.S.G. § 1B1.10 cmt. n. 1(A); *Paulk*, 569 F.3d at 1095–96.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

